```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 00-10426-MLW |
| | ) | |
| AUSTIN WILKERSON | ) | |
| | ) | |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                December 23, 2010

Defendant Austin Wilkerson is serving a 144 month sentence for being a felon in possession of a firearm, possession of at least five grams of cocaine base with intent to distribute, and carrying a firearm during and in relation to a drug trafficking crime. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which generally retroactively reduces by two levels the offense level for crimes involving crack cocaine and became effective March 3, 2008, Wilkerson moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 (the "Motion"). As Wilkerson is indigent, counsel was appointed to represent him. The government and counsel for Wilkerson have conferred and filed a Joint Status Report concerning the Motion. The government argues against any reduction of Wilkerson's sentence. Wilkerson recommends a reduced sentence of 130 months to take account of the reduced sentencing disparity between powder and crack cocaine.

On May 9, 2002, Wilkerson was sentenced to 170 months, the low end of the then-mandatory guideline range. However, during the

pendency of his appeal, the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), rendering the Sentencing Guidelines advisory. His case was remanded for possible resentencing. After a two-day hearing on November 7 and 21, 2005, Wilkerson's sentence was reduced to 144 months, which was below the applicable guideline range of 170-196 months.[1] The below-guideline sentence was justified based in part on the testimony of Wilkerson's prison psychologist, which demonstrated that Wilkerson was making impressive progress in prison and was no longer as dangerous as he was when originally sentenced. <u>See</u> Nov. 21, 2005 Tr. at 44-45.

As a result of Amendment 706, the amended guideline range for Wilkerson's offenses is now 152-175 months -- 92-115 months for being a felon in possession of a firearm and possessing at least five grams of cocaine base with intent to distribute, and a mandatory consecutive 60 month sentence for carrying a firearm during and in relation to a drug trafficking crime. Therefore, Wilkerson's current sentence of 144 months continues to be below the applicable guideline range.

To qualify for a reduction of sentence under §3582(c)(2), a defendant must satisfy two conditions. First, his sentence must

---

[1] The guideline range of 170-196 months represented a range of 110-137 months for Wilkerson's convictions for being a felon in possession of a firearm and possession of at least five grams of cocaine base with intent to distribute, and a mandatory consecutive sentence of 60 months for carrying a firearm during and in relation to a drug trafficking crime.

have been based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Second, a reduction of sentence must be appropriate based on the factors set out in 18 U.S.C. §3553(a), as well as "consistent with applicable policy statements issued by the Sentencing Commission," in this case U.S.S.G. §1B1.10. Dillon v. United States, 130 S. Ct. 2683, 2691 (2010) (describing "two-step inquiry" applying U.S.S.G. §1B1.10 and §3353(a)). The parties do not dispute that the first condition is satisfied. They disagree regarding the second.

After considering the sentencing factors set forth in §3553(a) and determining that U.S.S.G. §1B1.10 does not prohibit a further reduction, the court is reducing Wilkerson's sentence to 132 months because this sentence is sufficient and no more than necessary to serve the purposes of a sentence. In order to promote Wilkerson's effective reentry into society, the court is also amending the terms of his Supervised Release to include a period of six months in a community confinement center.

The threshold issue in this matter is whether a further reduction of Wilkerson's sentence is "consistent with applicable policy statements issued by the Sentencing Commission," namely U.S.S.G. §1B1.10(b)(2)(B). Dillon, 130 S. Ct. at 2691. The government contends that it is not. In general, a sentence reduction pursuant to §3582(c)(2) should not fall below the minimum of the amended guideline range, in this case 152 months. U.S.S.G.

§1B1.10(b)(2)(A). However, further reductions are appropriate in certain circumstances:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. §3553(a) and United States v. Booker, 453 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. §1B1.10(b)(2)(B). The government suggests that the second sentence of §1B1.10(b)(2)(B) makes a further reduction inappropriate because Wilkerson already has been sentenced pursuant to §3553(a) and Booker.

Courts have split on how the two sentences of §1B1.10(b)(2)(B) should be construed together. See United States v. Curry, 606 F.3d 323, 327-329 (6th Cir. 2010) (discussing cases). However, at least where a non-guideline sentence was "based on" a subsequently lowered guideline range, courts retain discretion to modify the sentence further. Id. at 329. In cases such as the instant case, a non-guideline sentence can be said to be "based on" a subsequently reduced guideline range if the court "did not take into account the disparity between powder and crack cocaine sentences in imposing the reduced sentence." Id.; see also United States v. Philbrick, 2008 WL 2550657, *2 (D. N.H. 2008) (unpublished) ("leaving the sentence as is would effectively deprive defendant of the sentence reduction allowed in substantial

part on grounds unrelated to the then-proposed crack guideline amendment"); United States v. Reid, 566 F. Supp. 2d 888, 895 (E.D. Wis. 2008) ("If the departure or variance failed to account for the crack/powder disparity, a further reduction would . . . more likely be warranted. However, if at the time of the original sentencing the court accounted for the disparity, a further reduction based on the new crack guidelines may not be warranted").

Wilkerson's below guideline sentence of 144 months was not based on the disparity between powder and crack cocaine sentencing. Rather, at the resentencing hearing the court stated, "I've also not relied on the disparity in punishment for crack and powder cocaine." Nov. 21, 2005 Tr. at 50. The court noted at the time that the disparity between the punishments for crack and powder cocaine was "too extreme to be justified" and if it were "a cognizable consideration" that there might be "an argument for somewhat less" of a sentence than 144 months. Id. at 50-51. Accordingly, it is consistent with §1B1.10(b)(2)(B) and appropriate to reduce Wilkerson's sentence now that the disparity between the guideline ranges for crack and powder cocaine has been reduced by the Sentencing Commission.

The factors stated in §3553(a) favor a further reduction of Wilkerson's sentence. Dillon, 130 S. Ct. at 2692. In 2005, the court determined that those factors justified a non-guideline sentence, finding that Wilkerson had in prison demonstrated

-5-

promise, maturity, and self-control. See Nov. 21, 2005 Tr. at 45. Although his prison disciplinary record at the time was not perfect, the court noted that his infractions had been minor. See id. at 45-46. According to the Addendum to the Presentence Report filed by the Probation Office in response to the Motion, since his resentencing in 2005, Wilkerson's record has been similarly imperfect but the imperfections have been minor. As of December 17, 2010, he has not been disciplined since February 1, 2010. He has participated in vocational training and has been employed since August, 2010. Therefore, it appears that Wilkerson has continued the personal progress that the court perceived in 2005. The seriousness of Wilkerson's crime and the need for general deterrence have not changed since Wilkerson was originally sentenced.

Ultimately, the court finds that the factors that supported a sentence of 144 months are augmented by the subsequent reduction in the disparity in guideline ranges for powder and crack cocaine, and by Wilkerson's sustained progress. If that had disparity not existed, the court likely would have imposed a lower sentence on Wilkerson in 2005. Therefore, a reduced sentence is warranted. However, the government is correct in its contention that Wilkerson should not be precipitously released into the community. Therefore, a modification to Wilkerson's Supervised Release conditions is appropriate to provide for a period in a community

confinement center.  Accordingly, it is hereby ORDERED that:

1.   The Motion (Docket No. 204) is ALLOWED.

2.   Wilkerson's sentence is REDUCED to 132 months in the custody of the Attorney General.

3.   The conditions of Supervised Release previously imposed are amended to provide that the first six months of Wilkerson's Supervised Release shall be served in a community confinement center to be selected by the Probation Office.

4.   The attached Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) shall enter forthwith.


                                           /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE